The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner Jr. and the briefs on appeal. Both parties waived oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award which remands this matter for the taking of additional evidence.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 24 March 1997 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer.
3. Plaintiff's average weekly wage was 373.20, which yields a compensation rate of $248.81 per week.
4. Plaintiff is alleging an injury by accident or an occupational disease that occurred on or about 9 May 1996, resulting in an injury to the left arm.
5. Defendant-employer has denied liability.
6. The issue to be determined by the Commission is whether plaintiff in fact suffered from a compensable injury by accident or a compensable occupational disease.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant as a wood stacker and turntable operator. As of 9 May 1996, plaintiff had worked in this capacity for defendant for three (3) years. Plaintiff's position involved repetitive motion activity as his duties required the repeated lifting of stacks of wood which would be separated and stacked according to their size. The pieces of wood were between eighteen to fifty-two inches long and the stacks weighed between ten to fifteen pounds, depending on the number of pieces picked up. Plaintiff would pick up the pieces of wood as they came down a conveyor belt.
2. On 9 May 1996, during the performance of his duties, plaintiff experienced the onset of a tingling sensation and aching in his left elbow.
3. Plaintiff continued working for a period of time, but when the sensation did not subside he reported it to officials at the plant. He was initially seen by Ms. Saint Pierre, who worked for defendant. She gave plaintiff an elbow brace and instructed him to return to the plant floor and continue working.
4. When plaintiff's pain continued, he was referred to the Haywood County Hospital where he was examined by Dr. Albert Osbahr. Plaintiff was initially diagnosed as having sustained an elbow strain with a compression of the ulnar nerve. Dr. Osbahr released plaintiff to return to work which was to be restricted to using his right arm, provided a splint and prescribed medications.
5. Thereafter, plaintiff continued to experience pain, swelling and other problems with his left elbow and arm through 14 October 1996. During this period, plaintiff continued working and was seen by a number of physicians. On 14 October 1996 he was examined by Dr. Bruce Minkin, who diagnosed plaintiff as having sustained a subluxation (dislocation) of the ulnar nerve with a probable subluxation of the triceps. Plaintiff was later diagnosed with cubital tunnel syndrome as well.
6. On 21 November 1996 plaintiff underwent a ulnar nerve decompression surgery performed by Dr. Minkin. Plaintiff remained out of work through the period of his recovery until he was released to return to full duty work by Dr. Minkin on 15 January 1997. Dr. Minkin has assigned a four percent (4%) permanent partial disability rating to plaintiff's left arm.
7. Based upon the medical evidence, particularly the opinions of Dr. Minkin, his primary treating physician, there is a causal relationship between plaintiff's left arm condition and the duties he performed while working for defendant. However, although Dr. Minkin's records and written answers to a questionnaire would tend to support a finding that plaintiff's condition was the result of an occupational disease, the evidence overall, including his deposition testimony, is inconclusive.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
At present, there is insufficient medical evidence in the record upon which to make a reasoned determination on the issue of whether plaintiff's employment with defendant exposed him to an increased risk of developing his ulnar nerve and cubital tunnel conditions.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. At present, there is insufficient medical evidence in the record upon which to make a reasoned determination on the issue of whether plaintiff's employment with defendant exposed him to an increased risk of developing his ulnar nerve and cubital tunnel conditions. Therefore, this matter is hereby REMANDED to a Deputy Commissioner for the taking of additional medical and lay evidence on this issue. Upon the completion of this additional evidence, the Deputy Commissioner shall render decision, not inconsistent with this Opinion and Award, based upon the entire record of evidence.
2. Regarding the medical evidence, the parties are hereby ORDERED to secure an independent medical examination of plaintiff for the purpose of determining whether or not plaintiff's conditions were the result of an occupational disease. This costs of this examination and any deposition shall be paid by defendant. Should the parties be unable to agree upon a physician for this examination, the parties shall contact the Industrial Commission's Nurses Section for the selection of a physician.
3. Defendants shall pay the costs, including an expert witness fee in the amount of $300 to Dr. Bruce Minkin and $150 to Dr. A. J. Osbahr.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER